ORDERED.

**Dated:  November 30, 2020**

Karen S. Jennemann
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| Daniel John Stanbrough and | ) | Case No.  3:15-bk-05601-KSJ |
| Tammy Marie Stanbrough, | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | |
| | ) | |
| | ) | |
| LSREF2 Baron, L.L.C. | ) | |
| | ) | |
| Plaintiff, | ) | Adversary No. 3:18-ap-00072-KSJ |
| | ) | |
| v. | ) | |
| | ) | |
| Daniel John Stanbrough and | ) | |
| Tammy Marie Stanbrough, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>MEMORANDUM OPINION</u>

Creditor and Plaintiff, LSREF2 Baron, filed this adversary proceeding[1] to revoke the

Debtors', Daniel and Tammy Stanbrough, discharge under § 727(d) of the Bankruptcy Code.[2]

---

[1]Doc. No. 1. All Doc. No. citations refer to pleadings filed in Adversary Proceeding 3:18-ap-00072-KSJ unless otherwise noted.
[2] All references to the Bankruptcy Code refer to 11 U.S.C. § 101, *et seq.*

Plaintiff argues Debtors knowingly and fraudulently failed to report trust funds they became entitled to receive within 180 days of the bankruptcy filing which are property of the estate. Debtors deny these allegations. After considering the trial transcript,[3] stipulations, evidence and post-trial supplemental authority, the Court declines to revoke the Debtors' discharge.

For 40 years, Mr. Stanbrough worked as a real estate developer.[4] Debtors' finances collapsed after the 2008 recession,[5] and they filed this Chapter 7 bankruptcy case on December 31, 2015.[6] Plaintiff is owed almost $17 million from the Debtors' failed real estate deals.[7]

Debtors list an interest in a family trust described as "Beneficiary of Debtor's Father's Trust (one of many beneficiaries)" with an unknown value on their bankruptcy schedules.[8] The Chapter 7 Trustee's attorney examined[9] Mr. Stanbrough about his financial affairs including the trust disclosed on the bankruptcy schedules.[10] Mr. Stanbrough truthfully testified that the trust held a townhouse and retirement plans or accounts owned by his father, Gene W. Stanbrough ("Gene"), and the trust beneficiaries would receive no trust distributions until Gene dies.[11]

On July 23, 2002, Gene executed both his will ("Will"),[12] and the Stanbrough Family Trust, as amended ("Trust").[13] The Will provides the Trust will pay Gene's debts and designates the Trust as the recepient of any property Gene owned at his death. This is a classic combination of a will

---

[3] Doc. No. 74. The Honorable Cynthia C. Jackson presided over the trial on September 20, 2019. When she encountered medical issues, this case was assigned to me on July 21, 2020. The trial transcript was filed on August 24, 2020.  Doc. No. 74.  I have thoroughly reviewed the transcript, the record, and all admitted exhibits prior to rendering this Memorandum Opinion.
[4] Exh. 6. Rule 2004 Tr. 4/1/16, pp. 7-8.
[5] Exh. 6. Rule 2004 Tr. 4/1/16, p. 7.
[6] Doc. No. 1 in Case No. 3:15-bk-05601-KSJ.
[7] Doc. No. 71, Joint Stipulation of Undisputed Material Facts ¶ 5.
[8] Exh. 3. Schedule A/B, p. 5.
[9] The Chapter 7 Trustee's attorney conducted a  Rule 2004 Examination on April 1, 2016.
[10] Exh. 6. Rule 2004 Tr. 4/1/16, pp. 56-58.
[11] *Id*.
[12] Doc. No. 71, Joint Stipulation of Undisputed Material Facts ¶ 1. Exh. 9.
[13] Doc. No. 71, Joint Stipulation of Undisputed Material Facts ¶¶ 2 and 3. Exh. 10 and 11.

combined with a pour over trust. Parts of the Trust were irrevocable; other aspects allowed Gene to modify the Trust until his death.

On May 3, 2016, Gene died unexpectedly.[14] Debtors received their discharge on June 20, 2016. [15] By September 2016, Debtors received distributions totaling almost $400,000 from the Trust ("Trust Funds").[16] Debtors used $270,000 of the Trust Funds to purchase a home in West Des Moines, Iowa.[17] Debtors never amended their bankruptcy schedules to disclose their reciept of the Trust Funds. The Chapter 7 Trustee has liquidated assets valued at more than $1 million, and the case remains open to allow him to complete his administration.

Plaintiff timely filed its complaint seeking to revoke the Debtors' discharge under § 727(d)(2) of the Bankruptcy Code arguing upon Gene's death—within 180 days of the bankruptcy filing—Debtors acquired an interest in the Trust Funds, which became property of the estate under §541(a)(5)(A). Because the Debtors knowingly and fraudulently failed to report receipt of the Trust Funds to the Chapter 7 Trustee, Plaintiffs argue the Court should revoke the Debtors' discharge. Debtors respond that the Trust Funds are not property of the estate, and they had no obligation to report it to the Chapter 7 Trustee.

"Revocation of discharge is an extraordinary remedy and is construed liberally in favor of the debtor and strictly against those seeking to revoke the discharge."[18] Section 727(d)(2) of the Bankruptcy Code allows a court to revoke a debtor's discharge if the creditor can prove "(1) the

---

[14] Trial Tr. 9/20/19, p. 32. Doc. No. 71, Joint Stipulation of Undisputed Material Facts ¶ 7.
[15] Doc. No. 71, Joint Stipulation of Undisputed Material Facts ¶ 9.
[16] Trial Tr. 9/20/19, pp. 22, 23, 24, 26 and 27. Debtors received $154,305.36 on June 30, 2016; $134,010.97 on July 25, 2016; $14,064.01 on July 26, 2016; $31,202.46 on August 30, 2016 and $64,464.93 on September 6, 2016.
[17] Trial Tr. 9/20/19, pp. 24-25.
[18] *Fitzhugh* v. *Birdsell (In re Fitzhugh)*, No. 2:15-AP-00101-PS, 2018 WL 1789596, at *4 (B.A.P. 9th Cir. Apr. 13, 2018); *Underwood v. Britt & Sons Elect. Wholesale (In re Underwood)*, No. 10-77907-WLH, 2013 WL 4517905, at *2 (Bankr. N.D. Ga. Aug. 15, 2013) (internal citations omitted) ("Revocation of discharge is an extraordinary remedy that directly rescinds the 'fresh start' to debtors that bankruptcy is meant to provide.")); *Houghton v. Marcella (In re Marcella)*, No. 05-50261-HJB, 2009 WL 3348251, at *13 (Bankr. D. Mass. Oct. 15, 2009) (internal citations omitted) ("Revocation of discharge is an extraordinary remedy ....[that] runs contrary to the general policy of the Bankruptcy Code of giving Chapter 7 debtors a fresh start.")).

debtor acquired (or became entitled to acquire) property of the estate, (2) the debtor failed to report this acquisition (or entitlement), and (3) the debtor's failure to so report was knowing and fraudulent."[19] The party seeking revocation of a discharge must prove the conditions of § 727(d) by a preponderance of the evidence.[20]

Here, Plaintiff failed to meet its burden because the Trust Funds are not property of the estate. Under § 541(a)(5)(A), property of the estate includes "[a]ny interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date ... by **bequest, devise, or inheritance**."[21] Because the Bankruptcy Code does not define "bequest," "devise," or "inheritance" and property rights are determined by state law,[22] Florida law defines their meaning.[23]

Florida probate law defines both "bequest" and "devise" (when used as nouns) as "a testamentary disposition of real or personal property."[24] Although Florida probate law does not define "inheritance," a bankruptcy court interpreting Florida law has used "[p]roperty received from an ancestor under the laws of intestacy."[25] And the parties here agree, whether the Trust Funds are property of the estate depends upon whether the Trust is testamentary or *inter vivos*.[26]

A testamentary trust "is created by a will and takes effect when the settlor (testator) dies."[27] It is a testamentary disposition and constitutes a bequest under Section 541(a)(5)(A).[28]

[19] *Gebhardt v. Thompson (In re Thompson)*, 561 B.R. 581, 592 (Bankr. N.D. Ga. 2016).
[20] *Grogan v. Garner,* 498 U.S. 279, 289, 111 S. Ct. 654, 112 L.Ed.2d 755 (1991). *See also In re Davis*, 538 B.R. 368, 384 (Bankr. S.D. Ohio 2015)(preponderance of the evidence standard applies to §727(d)(2) claims).
[21] 11 U.S.C. § 541(a)(5)(A). Emphasis added.
[22] *In re Ciano*, 433 B.R. 431, 435 (Bankr. N.D. Fla. 2010)
[23] The Trust provides its governed under the State of Florida. See Exh. 10, pg. 18 of 51; Exh. 11, Art. VII, par. G.
[24] Fla. Stat. § 731.201(10); *See also In re Rogove*, 443 B.R. 182, 187 (Bankr. S.D. Fla. 2010) (*citing Mosgrove v. Mach*, 133 Fla. 459, 182 So. 786, 791 (1938)).
[25] *Rogove*, 443 B.R. at 187 (quoting Black's Law Dictionary 853 (9th ed. 2009)).
[26] Trial Tr. 9/20/19, pp. 37 and 40.
[27] *In re Cole*, 559 B.R. 919, 921 (Bankr. M.D. Fla. 2016).
[28] *Rogove*, 443 B.R. at 188.

Testamentary trust distributions the Debtor acquires or becomes entitled to acquire within 180 days of the bankruptcy petition is property of the estate under Section 541(a)(5)(A).[29]

Conversely, an *inter vivos* trust "is created and takes effect during the settlor's lifetime."[30] It may possess testamentary aspects, which are provisions that "dispose of the trust property on or after the death of the settlor other than to the settlor's estate."[31] Under Florida law, testamentary aspects in an *inter vivos* trust do not render the trust testamentary.[32] "If by the terms of the trust an interest passes to the beneficiary during the life of the settlor, although that interest does not take effect in enjoyment or possession before the death of the settlor, the trust is not testamentary."[33] *Inter vivos* trust distributions the Debtor acquires or becomes entitled to acquire within 180 days of the bankruptcy petition is *not* property of the estate under Section 541(a)(5)(A).[34]

Here, the Trust is an *inter vivos* trust with testamentary aspects. The Trust was created and took effect during the settlors'—Gene and Ethel Stanbrough's[35]—lifetime.[36] The settlors transferred property to the Trust.[37] They also served as the Trustees. The Trust provides beneficiaries will receive income and principal of the Trust upon the death of the surviving Trustee, here Gene, and should a beneficiary predecease the Trustee, the deceased beneficiary's interest shall be disbursed to their living issue.[38] The Trust also contains a spendthrift provision prohibiting beneficiaries from assigning or encumbering their interests before disbursement.[39] These provisions demonstrate the Trust is *inter vivos*.

---

[29] *Rogove*, 443 B.R. at 187-88.
[30] Black's Law Dictionary 1744 (10th ed. 2014).
[31] Fla. Stat. § 736.0403(2)(b). *See also Rogove*, 443 B.R. at 188-89.
[32] *Zuckerman v. Alter*, 615 So.2d 661, 663 (Fla. 1993); *Robinson v. Robinson (In re Estate of Robinson)*, 720 So.2d 540, 542 (Fla. 4th DCA 1998). *See also In re Cole*, 559 B.R. at 921; *Rogove*, 443 B.R. at 187-88.
[33] *Zuckerman*, 615 So.2d at 663-64.
[34] *Rogove*, 443 B.R. at 188.
[35] Ethel Stanbrough predeceased Gene Stanbrough. Trial Tr. 9/20/19, p. 15.
[36] Exh. 10, 11.
[37] Exh. 10, Schedules A, B-1, C, and C-1.
[38] Exh. 11, Art. II, ¶ F.
[39] Exh. 11, Art. VII, ¶ D.

Plaintiff, however, argues under Florida law the Trust has been incorporated into the Will rendering the Trust testamentary and property of the estate under Section 541(a)(5)(A). I disagree. Florida Statute 732.512(1), which governs wills, provides "[a] writing in existence when a will is executed may be incorporated by reference if the language of the will manifests this intent and describes the writing sufficiently to permit its identification." This statute allows the incorporation of the Trust's terms *into* the Will. Unless the Will *creates* the Trust (which it does not here), the Will is not dispositive of the Trust's *inter vivos* status.

And, the case law relied upon by Plaintiff is distinguishable.[40] They involve facts where a decedent's will is ineffectual and the trust has been incorporated to give effect to the decedent's "testamentary plan,"[41] or where alleged beneficiaries challenging a trust, which had been incorporated into a will, could not challenge the trust without also contesting the will in probate.[42] The Trust likely was part of Gene's "testamentary plan," especially with its testamentary aspects; however, the Trust is *inter vivos*. None of the cases cited by Plaintiff held an *inter vivos* trust incorporated into a will renders the trust testamentary.

The Trust is an *inter vivos* trust. Because *inter vivos* trust distributions acquired by a debtor within 180 days of filing a bankruptcy case are *not* property of the estate, the Debtors had no obligation to report the Trust Funds (or Gene's death) to the Chapter 7 Trustee and, therefore, could not have "knowingly and fraudulently" failed to do something they had no obligation to do. Plaintiff has proven no reason to revoke the Debtors' discharge under §727(d)(2). A separate Final

---

[40] During closing arguments, Plaintiff relied upon *In re Estate of Baer*, 446 So.2d 1128 (Fla. 4th DCA 1984), *Pasquale v. Loving*, 82 So.3d 1205 (Fla. 4th DCA 2012) and *Sun Bank/Miami, N.A. v. Hogarth*, 536 So.2d 263 (Fla. 3d DCA 1989) for support that an *inter vivos* trust incorporated into a will renders the trust testamentary.
[41] *Hogarth*, 536 So.2d at 268; *Baer*, 446 So.2d at 1128-29.
[42] *Pasquale*, 82 So.3d at 1207.

Judgment consistent with this Memorandum Opinion will be entered for the Debtors and against

the Plaintiff. Any pending motions are denied as moot.

###

Attorney, Scott W. Spradley, is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this order.